**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIJAH CAPEHART,

      Petitioner,

v.                                      Case No. 8:20-cv-1837-T-02CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## O R D E R

    Mr. Capehart, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus challenging a conviction for burglary of a dwelling entered in Pinellas County, Florida, in 2014 (Doc. 1). Because the petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), it is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

    Mr. Capehart previously sought federal habeas relief in this Court regarding the conviction he challenges in this action. *See Capehart v. Secretary, Department of Corrections*, Case No. 8:16-cv-2222-T-02SPF (M.D.Fla.) (petition denied May 28, 2019). Therefore, the instant petition is

his second petition challenging the conviction. Consequently, pursuant to Section 2244(b)(3), Mr. Capehart was required to obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). He has not, however, alleged or shown that the court of appeals has authorized this Court to consider his petition. Accordingly, this Court is without jurisdiction to consider the petition,[1] and this case must be dismissed to allow Mr. Capehart the opportunity to seek said authorization.

It is therefore **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED** without prejudice.

2. The **Clerk of the Court** is directed to send Mr. Capehart the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) and close this case.

**DONE and ORDERED** in Tampa, Florida, on August 10, 2020.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

SA: sfc
Copy to: Elijah Capehart, *pro se*

---

[2] *See Wells v. AG*, 2012 U.S. App. LEXIS 7542, at *4 (11th Cir. Apr. 16, 2012) (unpublished) (district court must dismiss second or successive § 2254 petition for lack of jurisdiction unless the prisoner has obtained an order from court of appeals authorizing the district court to consider it).

2